IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EPHRAIM MITCHELL,  **Plaintiff,**  v.  RACHEL DODD, WILLIAMS LOY, and C/O WARFEL,[1]  **Defendants.** | Case No. 23-cv-3255-MAB |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Ephraim Mitchell, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Mitchell alleges Defendants were deliberately indifferent towards his conditions of confinement and medical condition, in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[2] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any

---

[1] Although listed on the docket as Williams Lay, Plaintiff has identified the defendant as Williams Loy in his Complaint (Doc. 1). The Clerk of Court is **DIRECTED** to **CORRECT** the docket to reflect Defendant's proper name.

[2] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and each of these entities.

1

portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Mitchell makes the following allegations: From July 15 until August 5, 2022, Mitchell was housed in Housing Unit 3, B-Wing without working ventilation (Doc. 1, p. 6). The windows were also not operational. Temperatures during this time were over 100 degrees Fahrenheit with a heat index of 115 degrees (*Id*.). Mitchell alleges that Warden Dodd and Assistant Warden Loy were aware of the conditions in the housing unit from at least July 24 to July 28, but they chose to leave the inmates in the unit without proper cooling measures (*Id*.).

On July 16, 2022, Mitchell alleges that he suffered from physical symptoms of heat exhaustion (*Id*.). He felt weak, dizzy, and fatigued (*Id*.). His nose started bleeding because of his rising blood pressure (*Id*.). Mitchell alleges that he has issues with his blood pressure which were exasperated by the conditions in the housing unit.

Mitchell asked C/O Warfel to call the healthcare unit about his condition, but Warfel refused and told him to stop complaining (*Id*.). Mitchell requested to be relocated to another part of the prison, but his request was refused (*Id*.). On July 18, 2022, Mitchell was sent to the healthcare unit for headaches and dizziness (*Id*.). His blood pressure measured 184/129 (*Id*.). He received medication for his blood pressure and heart rate, which he alleges was also high (*Id*.). Mitchell blames his condition on the excessive heat

and lack of ventilation in his housing unit (*Id.*). Mitchell alleges that Dodd and Loy were informed of the conditions in the unit but failed to take any action (*Id.* at pp. 6-7).

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

> **Count 1:** Eighth Amendment deliberate indifference claim against Rachel Dodd, Williams Loy, and C/O Warfel for housing Mitchell in an unventilated cellhouse in high temperatures and failing to provide him with proper medical care.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[3]

At this stage, Mitchell states a viable claim for deliberate indifference against C/O Warfel in regards to his conditions of confinement and to his need for medical care. Mitchell alleges that he specifically spoke to C/O Warfel and asked him for medical care due to the conditions in the housing unit, but Warfel told Mitchell to stop complaining. He also asked to be moved but Warfel refused his requests.

As to the claims against Warden Dodd and Assistant Warden Loy, there are no allegations to suggest that they were aware of the specific conditions that Mitchell faced

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

or his need for medical care. Mitchell merely alleges that Dodd and Loy were aware of the fact there was no ventilation and that other staff members, including Dodd and Loy, were informed of the conditions. But there is no indication that Mitchell spoke to Dodd or Loy, or that either warden had personal knowledge of the specific conditions and medical issues Mitchell faced. *See Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999) (stating that the relevant inquiry is whether defendants "actually knew about [Plaintiff's] condition, not whether a reasonable official should have known"). Further, neither warden can be held liable simply as high-ranking officials who oversee employees, because the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under Section 1983. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Thus, the claim against Warden Dodd and Assistant Warden Loy is **DISMISSED without prejudice**.

## Pending Motions

As to Mitchell's motion for counsel (Doc. 3), he states that he needs counsel because he does not know the law. He also offers letters from two law firms declining to take his case. Given the early stage of the litigation process, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged."). Further, the parties have yet to be served and there is nothing pending that would require a response from Mitchell. Thus, his motion for counsel is **DENIED**.

**Disposition**

For the reasons stated above, Count 1 shall proceed against C/O Warfel. The claims against Warden Dodd and Assistant Warden Loy are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant C/O Warfel: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Mitchell. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Mitchell, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

5

**Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Mitchell, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Mitchell is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/17/2024**

/s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendant will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**